UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TONY G. HEWITT,
    #50311

    Plaintiff,

vs.

RUBEN VIDAURRI, *et al.*,

    Defendants.

3:12-cv-00202-LRH-WGC

**SCREENING ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. A decision on plaintiff's application to proceed *in forma pauperis* is temporarily deferred. The court now reviews the complaint (ECF #1-1).

**I. Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hebbe*, 627 F.3d at 342. While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific

2

task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Instant Complaint**

Plaintiff, who is currently incarcerated at Northern Nevada Correctional Center ("NNCC"), has sued various Warm Springs Correctional Center ("WSCC") personnel. Plaintiff mainly alleges violations of his Eighth Amendment rights.

**Count I**

Plaintiff alleges the following: upon his return to WSCC from five days at Carson Tahoe Hospital for heart pain and heart issues, he went outside for recreation. Defendant Vidaurri closed the door behind him. Plaintiff found that he could barely see in the fenced-in area due to the smoke from a nearby Wiccan ritual. The smoke caused him to choke, have chest pain and severe dizziness. He used the intercom to request to return inside. Vidaurri refused and told him he should not have gone outside during the ritual. After thirty minutes outside plaintiff was choking and near unconsciousness, with severe chest pain when he was escorted to medical by another officer. When plaintiff returned from medical Vidaurri threatened several times that if he told anyone about Vidaurri's conduct he would "fuck [him] up badly." Plaintiff asked defendant caseworker Neubauer, who is aware of his medical problems, to move him to another unit where he could go outside without smoke exposure. Every time plaintiff spoke with Neubauer Vidaurri was present, and Neubauer denied plaintiff's requests. Plaintiff's chest pains and breathing problems have worsened significantly; he has had to increase his medications, including the nitroglycerin. He notes, without elaboration, that this is a campaign to end his life in return for lawsuits he has filed.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle*

*v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*), *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging

4

1 that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that
2 the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley*
3 *v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Plaintiff states colorable Eighth Amendment medical claims against defendants Vidaurri and Neubauer.

**Count II**

Plaintiff alleges the following: his cellmate repeatedly threatened to kill plaintiff by pushing a pen through his eye to release his spirit; the cellmate frequently chanted about demons and complained that he needed his medication resumed. Plaintiff informed Neubauer, Vidaurri and Schobert of the threats. One day after count, when their cell door opened, plaintiff's cellmate ran to Vidaurri and claimed that plaintiff was threatening the cellmate. Vidaurri and defendant Martinez ran into the cell, Vidaurri slammed plaintiff face first against the well, pinned his arms behind his back and bent him backwards. Plaintiff screamed that he has a dialysis pump in his arm; Vidaurri also knew that plaintiff has a fractured tailbone and sciatica. Vidaurri "body slammed" plaintiff cutting his left leg open and causing his feet and legs to go numb. Vidaurri handcuffed plaintiff and dragged him (without his walking device) to another cell. Plaintiff was in severe pain but was denied medical attention (it is unclear whether he ever received medical attention). Martinez just watched the whole incident. As a result, plaintiff suffers severe pain when standing or sitting and his legs frequently "go out."

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Watts v. McKinney*, 394 F.3d 710, 711 (9th Cir. 2005); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003); *Marquez v. Gutierrez*, 322 F.3d 689, 691-92 (9th Cir. 2003); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002); *Jeffers v. Gomez*, 267 F.3d 895, 900 (9th Cir. 2001) (*per curiam*); *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1441 (9th Cir. 1995);

5

1  *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). When determining whether the force is excessive,
2  the court should look to the "extent of injury . . ., the need for application of force, the relationship
3  between that need and the amount of force used, the threat 'reasonably perceived by the responsible
4  officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7
5  (quoting *Whitley*, 475 U.S. at 321); *see also Martinez*, 323 F.3d at 1184. Although the Supreme Court
6  has never required a showing that an emergency situation existed, "the absence of an emergency may
7  be probative of whether the force was indeed inflicted maliciously or sadistically." *Jordan*, 986 F.2d
8  at 1528 n.7; *see also Jeffers*, 267 F.3d at 913 (deliberate indifference standard applies where there is no
9  "ongoing prison security measure"); *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000). Moreover,
10 there is no need for a showing of serious injury as a result of the force, but the lack of such injury is
11 relevant to the inquiry. *See Hudson*, 503 U.S. at 7-9; *Martinez*, 323 F.3d at 1184; *Schwenk*, 204 F.3d
12 at 1196.
13   Plaintiff states colorable Eighth Amendment excessive force claims against defendants Vidaurri
14 and Martinez.
15 **Count III**
16   Plaintiff alleges that defendant Mattice returned his grievances regarding counts I and II, stating
17 that the issues were not grieveable. He claims that Mattice's actions violated his Fourteenth Amendment
18 rights. However, prisoners have no constitutional right to an inmate grievance system. *Olim v.*
19 *Wakinekona*, 461 U.S. 238, 249 (1983). Thus, the non-existence of, or the failure of prison officials to
20 properly implement an administrative appeals process within the prison system does not raise
21 constitutional concerns. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993); *Flick v. Alba*, 932 F.2d
22 728 (8th Cir.1991). "[A prison] grievance procedure is a procedural right only, it does not confer any
23 substantive right upon the inmates." *Buckley*, 997 F.2d at 495 (citing *Azeez v. DeRobertis*, 568 F.Supp.
24 8, 10 (N.D.Ill.1982); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988). "Hence, it does not
25 give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth
26 Amendment." *Azeez v. DeRobertis*, 568 F.Supp. at 10; *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D
27 . Mo.1986). Specifically, failure to process a grievance does not state a constitutional violation.
28 *Buckley*, 997 F.2d at 495. Thus, a prison official's involvement and actions in reviewing prisoner's

administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. Accordingly, plaintiff's Fourteenth Amendment claim in count III is dismissed.

However, plaintiff alleges in count III, again without elaboration, that Mattice conspired with Vidaurri, Neubauer, Martinez and Schobert to violate his civil rights in retaliation for lawsuits that he has filed against Nevada Department of Corrections officials. As stated above, he also referenced alleged retaliatory acts by certain defendants in count I.

"A prisoner suing prison officials under [§] 1983 for retaliation must allege that he [or she] was retaliated against for exercising his [or her] constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (*per curiam*); *see also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Austin v. Terhune*, 367 F.3d 1167-1170-71 (9th Cir. 2004); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Vignolo v. Miller*, 120 F.3d 1075, 1077-78 (9th Cir. 1997); *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Such claims must be evaluated in the light of the deference that must be accorded to prison officials. *See Pratt*, 65 F.3d at 807; *see also Vance v. Barrett*, 345 F.3d 1083, 1093 (9th Cir. 2003). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Compare Pratt*, 65 F.3d at 807 (finding insufficient evidence) with *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding sufficient evidence). Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). Finally, the prisoner must demonstrate that his First Amendment rights were actually chilled by the alleged retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *see also Rhodes*, 408 F.3d at 568 (explaining that, at the pleading stage, a prisoner is not required "to demonstrate a *total* chilling of his [or her] First Amendment rights to file grievances and to pursue civil litigation in order to perfect a retaliation claim. Speech can be chilled even when not completely silenced.") (emphasis in original); *Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001) (holding that "repeated threats of transfer because of [the plaintiff's] complaints about the administration of the [prison] library" were sufficient

to ground a retaliation claim).

Plaintiff's allegations are too vague for the court to determine whether he states a claim for retaliation. However, he is given leave to amend his retaliation claim if he is able to set forth factual allegations that demonstrate that specific defendants took specific actions against plaintiff in retaliation for exercising his constitutional rights.

If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

No other federal constitutional claims are stated in this complaint.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk shall **DETACH** and **FILE** plaintiff's complaint (ECF #1-1).

**IT IS FURTHER ORDERED** that counts I and II of plaintiff's complaint **MAY PROCEED** as set forth in this order.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment claim set forth in count III is **DISMISSED** with prejudice and without leave to amend.

1 **IT IS FURTHER ORDERED** that plaintiff's retaliation claim is **DISMISSED with leave to amend** as set forth in this order.

**IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this order is entered to file his amended complaint, if any, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **3:12-CV-00202-LRH-WGC**, above the words "FIRST AMENDED"in the space for "Case No."

**IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case shall proceed as set forth in this order.

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

DATED this 16th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE