1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11  TONY G. HEWITT,                )
        #50311                      )
                                    )
12          Plaintiff,              )          3:12-cv-00202-LRH-WGC
                                    )
13  vs.                             )
                                    )          **ORDER**
14  RUBEN VIDAURRI, *et al.*,       )
                                    )
15          Defendants.             )
    _____/

16

17          This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  On July 5, 2012,

18  the court stayed the proceedings for ninety days to allow for informal settlement discussions (ECF #5).

19  On September 13, 2012, plaintiff filed a motion for temporary restraining order (ECF #8).  As discussed

20  below, plaintiff's motion is denied.

21          Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never

22  awarded as of right."  *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 376 (2008).  "A plaintiff

23  seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely

24  to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

25  favor, and that an injunction is in the public interest."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*,

26  559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374).  The standard for a permanent

1    injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff

2    must show actual success, rather than a likelihood of success.  *See Amoco Prod. Co. v. Village of*

3    *Gambell*, 480 U.S. 531, 546 n.12 (1987).  However, the Ninth Circuit has recently revived the "serious

4    questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff

5    demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's

6    favor.  *Alliance for the Wild Rockies v. Cottrell*, 613 F.3d 960 (9th Cir. 2010).

7          Here, plaintiff alleges the following:   in June 2012 he filed a petition for writ of

8    mandamus against officer Vidaurri, who is a defendant in the instant action (ECF #8).  The deputy

9    attorney general assigned to both matters sent plaintiff/petitioner a letter expressing his position that the

10   petition will likely be denied, and may even be deemed frivolous by the state court.  In that event,

11   respondents could seek sanctions against plaintiff/petitioner pursuant to Nev. Rev. Stat. § 209.451(d)

12   (forfeiture of good-time credits).  Plaintiff claims that he is being retaliated against for filing the petition

13   in state court.

14         Although the Ninth Circuit has not addressed the issue directly, other circuits have

15   repeatedly held that a plaintiff seeking injunctive relief must show "[a] relationship between the injury

16   claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d

17   470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v.*

18   *Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*,

19   111 F.3d 14, 16 (4th Cir. 1997).

20         In the Screening Orders dated May 17 2012 (ECF #3) and July 5, 2012 (ECF #5) the court

21   directed that plaintiff's complaint stated colorable Eighth Amendment claims of deliberate indifference

22   to serious medical needs and excessive force.  The allegations that plaintiff sets forth in Plaintiff's

23   motion for temporary restraining order do not relate to his complaint in this action.

24         Injunctive relief is used to address issues related to the underlying violations presented

25   in the complaint.  Plaintiff is not permitted to file a complaint in federal court and then use that action

26   as a forum to air his unrelated grievances. Such complaints are properly lodged using the prison

1   grievance system and, if they remain unresolved, by filing a new action.

2           Therefore, plaintiff's motion for temporary restraining order (ECF #8) is denied.

3           **IT IS THEREFORE ORDERED** that plaintiff's motion for temporary restraining order

4   (ECF #8) is **DENIED**.

5

6           DATED this 18th day of September, 2012.

7

8           _____
            UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3