**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

TONY G. HEWITT,

Plaintiff,

vs.

RUBEN VIDAURRI, et. al.

Defendants.

3:12-cv-00202-LRH-WGC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion for a Court Order and Temporary Injunction and Oral Argument. (Doc. # 22.)[1] Also before the court is Plaintiff's Motion Requesting Sanctions and Oral Argument. (Doc. # 23.) Defendants have opposed both motions. (Docs. # 25, # 32 (errata).)

Finally, Plaintiff has filed a Motion Requesting Court Order or Protective Order. (Doc. # 24.) Defendants opposed this motion as well. (Doc. # 36.)

After a thorough review, the court finds that pursuant to Local Rule 78-2 these motions are suitable for disposition without oral argument and recommends that Plaintiff's motions be denied.

///

///

[1] Refers to court's docket number.

# I. BACKGROUND

## A. Plaintiff's Claims

At all relevant times, Plaintiff Tony G. Hewitt was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 4) at 1.) The events giving rise to this litigation took place while Plaintiff was housed at Warm Springs Correctional Center (WSCC). (*Id.*) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are Robert Martinez, Jessie Neubauer, and Ruben Vidaurri. (Docs. # 3, # 4, # 5.)[2]

In Count I, Plaintiff alleges that upon his return to WSCC from five days at Carson Tahoe Hospital for heart pain and heart issues, he went outside for recreation. (Doc. # 4 at 5.) He contends that defendant Vidaurri closed the door behind him, and Plaintiff found he could barely see in the fenced-in area due to smoke from a nearby Wiccan ritual. (*Id.*) He claims the smoke caused him to choke, have chest pains and dizziness. (*Id.*) He used the intercom to ask to be able to return inside. (*Id.*) He alleges Vidaurri refused his request and told him he should not have gone outside during the ritual. (*Id.* at 5-6.) After thirty minutes, Plaintiff asserts he was choking and near unconsciousness and suffered from severe chest pain, and was escorted to medical by another officer. (*Id.* at 6.) He claims that when he returned Vidaurri threatened him several times not to say anything about his conduct. (*Id.*) He further alleges that he asked defendant caseworker Neubauer, who is aware of his medical problems, to move him to another unit where he could go outside without smoke exposure, but Neubauer denied his requests. (*Id.* at 6-7.) Plaintiff contends that his chest pain and breathing problems have significantly worsened. (*Id.* at 7.) The court determined that he states a colorable claim for deliberate indifference to a serious medical need under the Eighth Amendment against defendants Vidaurri and Neubauer. (Doc. # 3.)

In Count II, Plaintiff alleges that his cellmate repeatedly threatened to kill him, and

[2] Defendants continue to file documents on behalf of defendants Mattice and Schober (named by Plaintiff as Schobert). Mattice is no longer a defendant as he was only named in Count III, which was dismissed by the court. (*See* Doc. # 5.) In addition, while Schober was mentioned in the complaint, the court did not find that Plaintiff stated a colorable claim as to him. (*See* Doc. # 3.)

Plaintiff informed Neubauer, Vidaurri, and Schobert of the threats. (Doc. # 4 at 8.) One day, when his cell door opened, Plaintiff's cellmate ran to Vidaurri and claimed Plaintiff was threatening him and Vidaurri and Martinez ran to Plaintiff's cell and Vidaurri slammed Plaintiff face-first against the wall, pinned his arms behind his back and bent him backwards. (*Id.* at 9-10.) Plaintiff claims that he screamed that he had a dialysis pump in his arm, and that Vidaurri knew Plaintiff has a fractured tail bone and sciatica. (*Id.* at 10.) Plaintiff contends that Vidaurri "body slammed" him, cutting his left leg open and causing his feet and legs to go numb, and handcuffed and dragged Plaintiff (without his walking device) to another cell. (*Id.* at 10-11.) He claims that he was in severe pain but received no medical attention. (*Id.*) He alleges that Martinez watched the whole incident and did nothing. (*Id.* at 10.) The court concluded that these allegations state a colorable Eighth Amendment excessive force claim against defendants Vidaurri and Martinez. (Doc. # 3.)

Count III was dismissed because Plaintiff failed to timely file an amended complaint correcting the deficiencies outlined in the original screening order. (*See* Doc. # 5.)

**B. Plaintiff's Motions and Defendants' Response**

First, Plaintiff seeks a court order and "temporary injunction" against "Defendants and their co-workers" "to stop the tampering of evidence and allow Plaintiff to utilize medical exhibits to support his claims." (Doc. # 22 at 1.) He also seeks an order allowing him to review his medical file to make copies of exhibits in support of his claims. (*Id.* at 2.) Plaintiff asserts that on April 15, 2013, he went to the infirmary at NNCC to utilize the medical exhibits he had copied previously in connection with his civil cases and was told by Nurse Candace that the copies were missing and the use of the exhibits had been denied because he is indigent. (*Id.*) Plaintiff asserts that it is his belief this was done in retaliation for filing a civil suit. (*Id.* at 2.)

Next, Plaintiff filed a motion seeking the imposition of sanctions based on the factual assertions made in his motion for an injunction. (Doc. # 23.)

Defendants oppose these motions. (Doc. # 25.) First, Defendants assert that Plaintiff provided no evidence to support his motions. Second, they provide a declaration of Nurse

Brockway, who assists inmates in reviewing their medical files at NNCC. She states that Plaintiff reviewed his medical records on seven occasions (5/18/12, 6/7/12, 11/12/12, 11/14/12, 1/31/13, 2/4/13 and again in April, 2013), and on February 3, 2013, Plaintiff's brass slip for copying charges was denied due to insufficient funds. In addition, when Plaintiff arrived in April to review his file, his medical file could not be located, nor could the exhibits she had copied prior to this review. However, Nurse Brockway subsequently learned that Plaintiff's medical file had been removed for copying and has since been returned to its place, but she does not know what became of the medical records she previously copied for Plaintiff.

Finally, Plaintiff filed a motion requesting a court order or protective order. (Doc. # 24.) In this motion, Plaintiff states that as a result of the use of excessive force by defendants Vidaurri and Martinez he suffered disc protrusions and bulges in his spine as well as blurred vision, neck and head pain as well as numbness and Northern Nevada Correctional Center's (NNCC) medical department has refused to provide him with medical attention. (*Id.*) Plaintiff intimates that this is being done in retaliation for his having filed this action against Vidaurri and Martinez. (*Id.*) Plaintiff requests an order that NNCC be required to provide him with medical treatment. (*Id.*)

Defendants oppose this motion, arguing Plaintiff improperly seeks injunctive relief regarding a claim that is unrelated to this action. (Doc. # 36.)

## II. DISCUSSION

### A. Motion for Temporary Injunction (Doc. # 22) and Motion for Sanctions (Doc. # 23)

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court

"must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

Here, Plaintiff wants an order that Plaintiff be able to review his medical records and an order imposing sanctions because his medical records were apparently unavailable when he went to review them in April 2013 and some that he had previously copied were misplaced. Plaintiff's motion for injunctive relief fails because he has not shown he is likely to suffer irreparable harm in the absence of injunctive relief. Specifically, Defendants have since filed their motion for summary judgment (Doc. # 38) and Plaintiff opposed this motion, attaching his medical records as exhibits (Doc. # 44). Thus, it is apparent that he has both been able to review his medical records and make and attach relevant copies in his opposition to Defendants' motion for summary judgment, obviating the need for the issuance of injunctive relief. By the same token, there is no basis for awarding sanctions against Defendants.

Accordingly, the court recommends that Plaintiff's motion for a temporary restraining order (Doc. # 22) and motion for sanctions (Doc. # 23) be denied.

**B. Motion for Protective Order (Doc. # 24)**

Here, Plaintiff asks the court to issue an order requiring that he be provided with medical treatment. (Doc. # 24.)

This action sets forth two colorable civil rights claims: (1) alleged deliberate indifference to a serious medical need under the Eighth Amendment against defendants Vidaurri and Neubauer related to the allegation that Plaintiff is housed in an area where his recreational time exposes him to smoke which is deleterious to his health; and (2) alleged excessive force under the Eighth Amendment against defendants Vidaurri and Martinez. (*See* Docs. # 3, # 4.)

Plaintiff's complaint does not include a claim of deliberate indifference to a serious medical need with respect to injuries he received as a result of the excessive force incident involving defendant Vidaurri. Plaintiff's deliberate indifference claim is limited to his allegations regarding exposure to the smoke from the Wiccan ritual. Moreover, NNCC is not a party to this action.

Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

Injunctive relief is used to address issues related to the underlying violations presented in the complaint. Plaintiff is not permitted to file a complaint in federal court and then use that action as a forum to air his unrelated grievances. Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action. Therefore, the court recommends that Plaintiff's motion (Doc. # 24) be denied.

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's motions (Docs. # 22, # 23, and # 24).

///

///

///

///

///

///

///

///

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: September 3, 2013.

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE