## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| TONY G. HEWITT, | ) | 3:12-cv-00202-LRH-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | September 3, 2013 |
| RUBEN VIDAURRI, et. al. | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE OGDEN      REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

     Before the court is Defendants' Motion to Strike. (Doc. # 49.) Defendants ask the court to strike a "judicial notice" filed by Plaintiff (set forth at Doc. # 42), arguing that he improperly asks the court to take judicial notice of his factual allegations in this matter.

     While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter[s]" from a "pleading," it does not authorize the court to strike material contained in other documents filed with the court.  *See* Fed. R. Civ. P. 12(f). However, courts have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg, Inc.*, 627 F.3d 402, 404 (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*, 627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012 (citing *Ready*, 627 F.3d at 404). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate [ ] conduct. *Id*. (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010 WL 3910072, at * 2 (D. Nev. 2010)).
///
///
///
///

MINUTES CONT'D
PAGE 2
3:12-cv-00202-LRH-WGC

      Defendants are correct that the court is not permitted to take judicial notice of Plaintiff's factual allegations in this matter, and consequently, Plaintiff's filing at Document # 42 is improper. Therefore, the court will exercise its inherent power to control its docket and will **STRIKE Document # 42.**

      **IT IS SO ORDERED.**

      LANCE S. WILSON, CLERK

      By: /s/
           Deputy Clerk